## Case No. 291.

AMERICAN BIBLE SOC. v. HOLMAN et al.
VAN NORMAN v. SAME.

[2 N. W. (O. S.) 245; 5 Reporter, 645.]

Circuit Court, D. Minnesota. March, 1878.

WILL—BEQUEST OF PROCEEDS OF MORTGAGE—
FORECLOSURE.

Where a last will and testament provided that the "proceeds" of a certain mortgage should go to certain legatees named, and, prior to testator's death, such mortgage was foreclosed, and the lands purchased at the foreclosure sale for the benefit of, and the title thereto vested in, such testator: *Held*, that the fact of foreclosure was immaterial, and the proceeds of such mortgage existing at the time of the testator's death in the shape of lands that could be identified as such proceeds, would pass by the terms of the will.

In equity. These suits were brought to enforce the provisions of a will executed by Seth Holman, of Mass., November 16, 1860, by which he made the following bequest: "Eighthly. I bequeath and devise to the American Bible Society * * * one half of the proceeds of a mortgage given by Carlos Wilcox, of Minneapolis, Minnesota, to be disposed of by my executors to their best judgment. Ninthly. I bequeath and devise to the American Foreign Christian Union * * * one half of the proceeds of a mortgage given by Carlos Wilcox, of Minneapolis, Minnesota, to be disposed of by my executors to the best of their judgment." The complainant, Van Norman, is one of many persons who form a voluntary association under the laws of New York, called the "American Foreign Christian Union," and sued as well for his associates as himself. The "American Bible Society" is a charitable corporation, with power to take real and personal property by gift or otherwise. The Wilcox mortgage had been foreclosed by an agent at the time of the testator's death, and the lands covered by it had been purchased for his benefit, and a deed, conveying the same free from the equity of redemption, was executed by the sheriff in accordance with the laws of Minnesota, September 26, 1860. The testator died shortly after the execution of his will. It is urged on the part of the defendants, that by the foreclosure proceedings the mortgage was cancelled, and there being nothing upon which the bequests could operate, they were defeated.

Davis, O'Brien & Wilson, for complainants.
Lochren, McNair & Gilfillan, for defendants.

NELSON, District Judge. The intention of the testator must control in the construction of this will, and if possible be ascertained from the instrument itself. The bequests or legacies are specific, and in terms one half of the proceeds of the Wilcox mortgage was bequeathed to each legatee. The defence is that Holman, at the time of his death, having the title in fee to the lands by foreclosure, and there being no mortgage out of which "proceeds" could be realized, the bequests fail. The testator undoubtedly intended to make valid bequests, available for the purposes designated, and I am not required to give a narrow construction to the word "proceeds," when a fair and reasonable acceptation of the word used would sustain the bequests. These are charities, and should be upheld if possible; and it is not a strained interpretation to make the word "proceeds" comprehend and embrace the avails of the mortgage in whatever form they existed at the time of the testator's death; in fact, such was the intention as gathered from the language of the will. The testator did not give a sum of money and require the payment to be made out of the mortgage, nor did he bequeath a sum of money equal to the amount due upon the mortgage, but he gave the "proceeds" of the mortgage specifically, and whether a foreclosure had taken place or not is immaterial, as the "proceeds" of the mortgage existed at the testator's death and could be identified. [Gardner v. Printup,] 2 Barb. 83; [Doe v. Tofield,] 11 East, 246; [Roe v. Pattison,] 16 East, 21. Decree for complainants.